UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENIS LESTER ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF SOCIAL & HEATH SERVICES; WASHINGTON STATE ATTORNEY GENERAL; THURSTON COUNTY SHERIFF'S OFFICE; OLYMPIA POLICE DEPARTMENT; OLYMPIA PUBLIC SCHOOL DEPARTMENT; OLYMPIA KIWANIS; O.K. BOY'S RANCH,<br><br>Defendants. | Case No. C08-5685RJB<br><br>ORDER DISMISSING DEPARTMENT OF SOCIAL & HEALTH SERVICES, WASHINGTON STATE ATTORNEY GENERAL, THURSTON COUNTY SHERIFF'S OFFICE, OLYMPIA POLICE DEPARTMENT, AND OLYMPIA KIWANIS |

This matter comes before the Court on the Defendant Thurston County Sheriff Office's Motion to Dismiss (Dkt. 23), the Defendants Department of Social and Health Services and the Washington Attorney General ("State Defendants") Motion to Dismiss (Dkt. 25), Defendant Olympia Police Department's Motion for Summary Judgment (Dkt. 26), Defendant Olympia Kiwanis' Motion for Summary Judgment (Dkt. 29) and Plaintiff's "Explanation and Motion to Proceed" (Dkt. 37). The Court has considered the pleadings filed in favor of and in opposition to the motions and the record herein.

ORDER
Page - 1

## I. **FACTS**

On November 14, 2008, Plaintiff, acting *pro se*, filed a civil suit against the State Defendants, Thurston County Sheriff's Office, Olympia Police Department, Olympia Public School Department, Olympia Kiwanis Club and the OK Boys Ranch. Dkt. 1. In Plaintiff's original Complaint, he alleged he:

> Gave notice and knowledge of concerns and complaints regarding an active moral nuisance, whos [sic] wanton, willfull [sic] disregard of rights, safety, and feelings of others, and whos [sic] pattern of criminal activities, posed an imminet [sic] and substantial risk to the community, and an extraordinary threat to the Plaintiff. In a heinous atrocious cruel manner constant continual concerns and complaints were ignored by the Defendants through 1995.

Dkt. 3. Plaintiff refers to the "improper and neglect [sic] of investigating child and sex abuse" in his Complaint. *Id*. Plaintiff claims that "the actions of the Defendants State and it's [sic] Agencies and Agents as set forth above constitute a pervasive pattern of indifference or gross neglect 18- USC-4, 18 USC-241, 18-22501, 42-USC-1983, 42-1985, 42 UCS 5119, 18-USC 2422." Dkt. 3, at 2. He seeks monetary and other relief "as shall be deemed just and equitable." *Id*.

The State Defendants filed a Motion for a More Definite Statement. Dkt. 10. In Plaintiff's Response, he references a June of 1992 report of child sexual abuse. Dkt. 13, at 1. The State Defendants' Motion for a More Definite Statement was granted. Dkt. 14. On February 5, 2009, Plaintiff filed a pleading entitled "Ammended [sic] Statement of Case." Dkt. 20. Plaintiff states that:

> The Defendants acted in concert to criminally conceal criminal evidence in the investigation of the natorious [sic] O.K. Boys Ranch. Plaintiff gave notice and knowledge of continual criminal activities, child abuse, child sex abuse, of a public and moral nuisance of the open and obvious dangers of this extraordinary threat. The Defendants willful ignorance of long term merciless and well known child abuse is the same as the Federal crime of misprison [sic] of a felony Art. 18 sec. 4 U.S.C.

Dkt. 20, at 1. Plaintiff further alleges that,

> Despite repeated requests of the Plaintiff, Defendants decided to withhold exculpatory evidence from the Plaintiff these actions were done to deprive the Plaintiff of his civil rights. The Defendants had a further duty to insure [sic] that investigations were conducted by skilled trained experienced professionals who had no conflict of interest or bias. Defendants breached that duty when upon receipt of Plaintiff's report concerning the occurrences of abuse or neglect. The statute reads it shall be the duty of the law enforcement agency or D.S.H.S. to investigate and provide the protective services with a report.

Dkt. 20, at 1. Plaintiff references RCW 26-44-050, 42 U.S.C. § 1983, 42 U.S.C. § 5101, and 42 U.S.C. § 5119. *Id.*

The Thurston County Sheriff's Office moves now to dismiss Plaintiff's case against it pursuant to Fed. R. Civ. P. 12 (b). Dkts. 23-24. It argues that Plaintiff has failed to provide "any factual allegations

ORDER
Page - 2

that would suggest that the Thurston County Sheriff's Office was ever contacted regarding Plaintiff's allegations against the staff and residents at the O.K. Boys Ranch." Dkt. 24. It argues that Plaintiff has failed to explain why the Thurston County Sheriff's Office would have a duty to investigate criminal allegations within the City of Olympia. *Id*, at 3. It points out that pursuant to RCW 4.16.080(5) an action against a sheriff upon a liability by the omission of an official duty shall be commenced within three years. *Id.*, at 4. It argues that even if a request to investigate was made as late as 1996 and was ignored, any claim for damages based upon a failure to investigate would be barred by the statute of limitations. *Id.*

The State Defendants move for dismissal of Plaintiff's case against them pursuant to Fed. R. Civ. P. 12. Dkt. 25. The State Defendants argue that Plaintiff's claims are barred by the Eleventh Amendment. *Id.* They argue that even if his claims were not barred, he fails to state a 42 U.S.C. § 1983 or 1985-86 claim upon which relief can be granted because states, state agencies and state officials sued in their official capacities are not "persons" subject to suit for money damages. *Id.,* at 6 (*citing Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989)). The State Defendants further argue that there is no private cause of action under 18 U.S.C. §§ 4, 241, 1961-62, 2251 and 2422. Dkt. 25. They argue that there is no private cause of action under RCW 9A.80.010. *Id.* The State Defendants argue that Plaintiff fails to allege any facts to support a claim under RCW 26.44.050. *Id.* The State Defendants also argue that Plaintiff's case is barred by the statute of limitations found in RCW 4.16.080(2) and RCW 4.16.130. *Id*.

The Defendant Olympia Police Department moves to summarily dismiss Plaintiff's case against it. Dkt. 26. The Olympia Police Department argues that Plaintiff's claims should be dismissed as time barred under RCW 4.16.080(2). *Id.* It argues that Plaintiff is unable to establish the deprivation of a right secured by federal law or the United States Constitution. *Id.* The Olympia Police Department argues that Plaintiff is unable to prove municipal liability against them because he has not pointed to 1) an identified a policy maker, who 2) created an official policy or custom, 3) that was a moving force behind 4) a violation of Plaintiff's constitutional rights. *Id.* Lastly, the Olympia Police Department argues that the statues Plaintiff cites to support his claims either do not create private causes of action, or are inapplicable to the facts alleged. *Id.*

Defendant Olympia Kiwanis moves for dismissal of the claims against it pursuant to Fed. R. Civ. P. 12 (b)(6) and 56. Dkt. 29. It argues that Plaintiff's claims are time barred under the applicable statute of

limitations found in RCW 4.16.080(2). *Id.* It argues that Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983 because he has not alleged, nor can he prove, that he was deprived of a federally protected right. *Id.* The Olympia Kiwanis argues that Plaintiff can not show that they acted under the color of law. *Id.* (*citing Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)).

On March 26, 2009, Plaintiff filed his "Explanation and Motion to Proceed." Dkt. 37. Plaintiff states,

> For five or more years the Plaintiff's constant continual criminal complaints, concerns, requesting assistance to confront and correct the serious criminal activities, acts, actions, of the natorious [sic] Olympia Kawanis Boys Ranch was ignored by the Defendants.
> In September 1995, Governor Mike Lowery directed the Washington State Patrol to conduct an administrative investigation of the Department of Social and Health Services and pursuant to RCW 43-10-32 asked the state Attorney General's Office to conduct a criminal investigation.
> Newly discovered evidence, documents, records, from that 1995 OKBR [sic] investigation show the Defendants misled, concealed material, relevant facts, criminal evidence to hinder and prevent with intent to obstruct justice and deprive the Plaintiff of his rights laws and justice with fraud and deception estopping reliance on the statute of limitations.
> This case is not an isolated instance, but recurring behavior of the Defendants with a historic behavior as the newly discovered evidence clearly shows. The Plaintiff requests this case move forward and to determine if there were violations of the rights and laws for the protection of Plaintiff.

Dkt. 37.

On March 31, 2009, the Court reminded Plaintiff of the following pending motions: Defendant Thurston County Sheriff's Motion to Dismiss (Dkt. 23), the State Defendants' Motion to Dismiss (Dkt. 25), Defendant Olympia Police Department's Motion for Summary Judgment (Dkt. 26), and Defendant Olympia Kiwanis' Motion for Summary Judgment (Dkt. 29) and issued a warning to Plaintiff in accordance with *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). These motions were renoted, along with Plaintiff's Plaintiff's "Explanation and Motion to Proceed" (Dkt. 37), for April 17, 2009. They are now ripe for consideration. Plaintiff has not filed any further pleading.

## II. **DISCUSSION**

### A. **MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM STANDARD**

A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are

taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-1969 (May 21, 2007) (*internal citations omitted*). Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. *Keniston v. Roberts*, 717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. *Id.*

**B.     SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a

preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### C. DEFENDANTS' MOTIONS

Western District of Washington Local Fed. R. Civ. P. (b)(2) provides that failure to respond to a motion may be considered by the court as an admission that the motion has merit.

Plaintiffs' failure to meaningfully respond to Defendants' motions is so construed. Plaintiff has utterly failed to allege sufficient facts under a cognizable legal theory or, for that matter, state a cognizable legal theory as is required to avoid dismissal under Fed. R. Civ. P. 12 (b)(6). Plaintiff has not met his burden in any manner under Fed. R. Civ. P. 56 (c) for any of his claims. Each of the Defendants' motions for dismissal of the claims against them should be granted.

### D. PLAINTIFF'S MOTION TO PROCEED

Plaintiff's "Explanation and Motion to Proceed" asks for no specific relief from the Court other than being allowed to proceed with this case. As discussed above, Plaintiff's failure to met his obligations under Fed. R. Civ. P. 12 (b)(6) and to carry his burden under Fed. R. Civ. P. 56 should result in dismissal of this action against the Defendants who so moved. Plaintiff provides no basis for the Court to grant other relief. His motion should be denied.

### E. REMAINING DEFENDANTS

Fed. R. Civ. P. 4(m), provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

There is no evidence in the record that this Complaint has been served on the Olympia Public School Department or the O.K. Boys Ranch. The record indicates that approximately 137 days have passed since the filing of the Complaint. Accordingly, pursuant to Fed. R. Civ. P. 4 (m), Plaintiff should be

ordered to serve these Defendants or show cause why this matter should not be dismissed without prejudice by May 15, 2009.

Moreover, Fed. R. Civ. P. 8 provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

Plaintiff should be ordered to met his burden under Fed. R. Civ. P. 8 regarding his claims against the Olympia Public School Department and the O.K. Boys Ranch or show cause why this matter should not be dismissed by May 15, 2009.

### III. ORDER

Accordingly it is hereby **ORDERED** that:

- The Defendant Thurston County Sheriff Office's Motion to Dismiss (Dkt. 23) is **GRANTED**, the Thurston County Sheriff's Office is **DISMISSED**;
- The Department of Social and Health Services and the Washington Attorney General's Motion to Dismiss (Dkt. 25) is **GRANTED**, the Department of Social and Health Services and the Washington Attorney General are **DISMISSED**;
- The Olympia Police Department's Motion for Summary Judgment (Dkt. 26) is **GRANTED**, the Olympia Police Department is **DISMISSED**,
- The Olympia Kiwanis' Motion for Summary Judgment (Dkt. 29) is **GRANTED**, the Olympia Kiwanis is **DISMISSED**;
- Plaintiff's "Explanation and Motion to Proceed" (Dkt. 37) is **DENIED**;
- Pursuant to Fed. R. Civ. P. 4 (m), Plaintiff **SHALL** serve the Olympia Public School Department and the O.K. Boys Ranch or **SHOW CAUSE WHY** this matter should not be dismissed without prejudice by **May 15, 2009;**
- Plaintiff **SHALL** meet his burden under Fed. R. Civ. P. 8 regarding his claims against the Olympia Public School Department and the O.K. Boys Ranch or **SHOW CAUSE WHY** this matter should not be dismissed by **May 15, 2009.**

1 | The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
2 | party appearing *pro se* at said party's last known address.
3 | DATED this 27th day of April, 2009.

*Robert J Bryan*
Robert J Bryan
United States District Judge

ORDER
Page - 8